UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| PATRICK and KIM DEL MONICO, | ) | No. 04 B 38235 |
| | ) | |
| Debtors. | ) | Judge Goldgar |

**MEMORANDUM OPINION**

This case is before the court on the objection of Trustee Ronald Peterson to the claim of Kelleher & Buckley, LLC ("K&B"). For the reasons discussed below, the objection will be sustained and the claim disallowed.

**1. Background**

The following is a highly condensed version of the facts. Debtors Patrick and Kim Del Monico sought relief under the Bankruptcy Code in October 2004, filing a petition under chapter 11. After a false start by another lawyer, John Redfield and Jeffrey White, both with K&B, received leave to be retained as debtors' counsel effective January 1, 2005.

Around the same time, the U.S. Trustee moved for appointment of a chapter 11 trustee in the case. That motion was granted over the debtors' objection, and on March 9, 2005, Ronald Peterson was appointed chapter 11 trustee. Just over a week later, Peterson moved to convert the case to one under chapter 7. The debtors did not oppose the motion as such, but Kim Del Monico responded with a motion to dismiss herself from the bankruptcy. That motion was fully briefed.

On May 13, 2005, Peterson's motion was granted, and the case was converted to chapter 7. Kim Del Monico's motion to dismiss was denied. Soon thereafter, Redfield and White sought

leave to withdraw as counsel for the Del Monicos. On May 25, 2005, the court granted their request.

In June 2005, K&B filed its application seeking professional compensation -- $55,120 in attorneys' fees and $1,240.68 in costs – under section 330(a) of the Bankruptcy Code, 11 U.S.C. § 330(a). The application drew objections from the Trustee, various creditors, and the debtors themselves.

On February 15, 2006, the court issued an 8-page memorandum opinion, along with an order granting the application in part and denying it in part. *See In re Del Monico,* No. 04 B 38235, 2006 WL 345013 (Bankr. N.D. Ill. Feb. 15, 2006). K&B's compensation was reduced, among other reasons, because the period for which compensation could be requested was

> considerably more circumscribed than K&B recognizes. No compensation can be awarded for services before January 1, 2005, the effective date of K&B's retention. No compensation can be awarded for services after May 13, 2005, when the case was converted to chapter 7. *See Lamie v. United States Trustee,* 540 U.S. 526, 534 (2004). Nor can any compensation be awarded for services after the appointment of a chapter 11 trustee on March 9, 2005. *See In re Pro-Snax Distributors, Inc.,* 157 F.3d 414, 425 (5th Cir. 1998). Hence, the only services eligible for compensation are those rendered between January 1 and March 9, 2005, a period of slightly more than two months.

*Id.* at *2. All told, K&B was awarded just $11,315 in fees and $327.77 in costs. And because K&B had already been paid a $20,000 retainer, K&B was ordered to disgorge to the trustee the $8,357.23 overpayment. *Id.* at *5. There was no appeal.

Appeal or not, this order must not have sat well with K&B, because two weeks after its entry K&B filed an unsecured proof of claim for $24,690.98 in the Del Monico bankruptcy. This amount represented K&B's fees and costs for the period between the chapter 11 trustee's appointment and the case's conversion to chapter 7 -- a period for which compensation had been

-2-

disallowed in the February 15 order. Not surprisingly, the trustee objected to the proof of claim, arguing that the February 15 order is *res judicata*, that the claim is untimely, and that K&B has no statutory or contractual basis for its claim. K&B has filed a response to the objection.

## 2. Discussion

The trustee's objection will be sustained and K&B's claim disallowed. K&B's application for compensation was considered in the February 15 opinion and an order entered. K&B cannot now assert a claim against the estate for compensation the court denied.

The Code comprehensively addresses the trustee's employment of professionals, along with how and when those professionals are to be compensated. Section 327 permits the debtor to employ professionals, including attorneys, to represent or assist him in carrying out his statutory duties. 11 U.S.C. § 327(a). Sections 330(a)(1)(A) and (B), in turn, permit the court to award a professional employed under section 327 "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(1)(a)(A), (B); see *Lamie v. United States Trustee*, 540 U.S. 526, 535-38 (2004).

Section 330(a) is "the exclusive means by which a claim for professional fees relating to a bankruptcy case is allowed." *Dery v. Cumberland Cas. & Sur. Co. (In re 5900 Assocs., L.L.C.)*, 317 B.R. 332, 335 (Bankr. E.D. Mich. 2004); see also *Specker Motor Sales Co. v. Eisen*, 393 F.3d 659, 664 (6th Cir. 2004) (noting that "fees to professionals can be paid only under § 330(a)(1)"); *Jensen v. Gantz (In re Gantz)*, 209 B.R. 999, 1003 (B.A.P. 10th Cir. 1997) (stating that "[a]ttorney's fees are allowed (or denied) under 11 U.S.C. § 330"). If counsel expects to be paid from the estate, compensation must be sought and received under section 330(a)(1). There is no alternative. See *DeRonde v. Shirley (In re Shirley)*, 134 B.R. 940, 943-44 (B.A.P. 9th Cir.

1992); *In re Marin*, 256 B.R. 503, 507 (Bankr. D. Colo. 1997) (noting with excitement that "[*t*]*here is no other way for an attorney to be paid!*") (emphasis in original); 3 A. Resnick & H. Sommer, *Collier on Bankruptcy* ¶ 330.03[3][a] at 330-24 (15 ed. rev. 2006).

Until now, this case has proceeded more or less along the lines Congress intended. K&B was retained as counsel for the debtor, as section 327 required. After Redfield & White withdrew as counsel, K&B duly applied for compensation under section 330. And compensation was awarded under the standards of section 330. The award was not to K&B's satisfaction, of course. But if K&B had some objection to the award, the proper course was to appeal. K&B had no right to turn around and file a proof of claim for the fees that had been disallowed. *See Jensen v. United States Trustee (In re Abraham)*, 221 B.R. 782, 785 (B.A.P. 10th Cir. 1998) (observing that "[a] requested fee that is disallowed cannot be collected since it was never due").

K&B, though, disagrees with the import of the court's February 15 order awarding fees. According to K&B, the court held only that "K&B was not entitled to an administrative claim" for the period in question. (K&B Resp. at 2). Nothing was said about K&B's right to assert "a general unsecured claim." (*Id.* at 3).

Nothing needed to be said. A decision *awarding* fees gives counsel an administrative expense claim for those fees, true enough. *See* 11 U.S.C. § 503(b)(2); *Specker Motor Sales*, 393 F.3d at 664. But a decision *disallowing* fees is not merely a decision about the priority of counsel's fee claim. The disallowance, in other words, does not simply leave disappointed counsel with a claim of some other, lesser kind. It leaves counsel with *no* claim.[1] *See Abraham*,

---

[1] In suggesting otherwise, and in filing a unsecured proof of claim for its services, K&B misapprehends the role of counsel retained under section 330(a). Retained counsel may perform services, and fees might ordinarily be owed for those services. But that does not make counsel a "creditor" under the Code. *See* 11 U.S.C. § 101(10). "'An attorney who is authorized by the court to represent a debtor in a case under the Bankruptcy Code is not a creditor of the

221 B.R. at 785 (affirming order barring counsel from collecting unapproved fees); *Gantz*, 209 B.R. at 1003 (holding unapproved fees could not be collected); *Dery*, 317 B.R. at 334-35 (holding claim for fees in chapter 11 case unenforceable where fees were never approved).

It may be, as K&B argues, that after the trustee was appointed Redfield and White performed substantial legal services for the Del Monicos, services the Del Monicos "desperately wanted and needed." (K&B Mem. at 3). But "[c]ourt approval under § 330(a) is what creates the liability [of the estate for compensation], not the performance of the services." *In re Jeanes*, No. 01-760, 2004 WL 1718093, at *2 (Bankr. N.D. Iowa June 17, 2004). Beyond the amounts mentioned in the February 15 order, K&B's fees and costs were disallowed. K&B has no unsecured claim for those fees. It has no claim of any kind.[2]

### 3. Conclusion

The objection of Trustee Ronald R. Peterson to the claim of Kelleher & Buckley, LLC, is sustained. The claim is disallowed. A separate order will be entered in accordance with this opinion.

Dated: April 19, 2006

                                                      A. Benjamin Goldgar
                                                      United States Bankruptcy Judge

---

estate.'" *In re W & W Protection Agency, Inc.*, 200 B.R. 615, 624 (Bankr. S.D. Ohio 1996) (quoting *In re Roamer Linen Supply, Inc.*, 30 B.R. 932, 935 (Bankr. S.D.N.Y. 1983)).

[2] By rights, the court could strip K&B of all compensation for having filed the proof of claim, *see Marin*, 256 B.R. at 507, especially since the proof of claim looks a great deal like an attempt by K&B to slip its fees past the court unnoticed. However, K&B's arguments in response to the trustee's claim objection make clear that the proof of claim was filed as a result of genuine, if fundamental, misconceptions about the compensation of professionals in bankruptcy. In its discretion, then, the court declines to inflict further punishment on K&B.

-5-